IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | :    **Criminal No. 05-CR-443-08** |
| v. | : |
| | :    **(Judge Kane)** |
| ERIC PENNINGTON, | : |
| | : |
| Defendant | : |

## **MEMORANDUM**

Pending before the Court are Defendant Eric Pennington's two motions to sever his case from that of his co-defendants. (Doc. No. 353, 354.) The Government has filed a single brief in opposition and the motions are ripe for disposition. For the reasons that briefly follow, the motions will be denied.

**I.     Procedural History**

On December 8, 2005, Defendant Eric Pennington and fifteen co-defendants were charged in a thirty-two count superseding indictment and subsequently arrested. (Doc. No. 20.) Defendant was charged with two counts in the superseding indictment. (Id., Counts I, II.) Count One charges Defendant, pursuant to 18 U.S.C. § 371, with conspiracy: (1) to transport individuals to engage in prostitution in violation of 18 U.S.C. § 2421; (2) to knowingly persuade, induce, entice, and coerce individuals to travel to engage in prostitution in violation of 18 U.S.C. § 2422(a); and (3) to travel and use facilities of interstate commerce with the intent to distribute the proceeds of unlawful prostitution and promotion of the unlawful act of prostitution in violation of 18 U.S.C. § 1952(a). (Id.) Count Two charges Defendant with traveling, and aiding and abetting the travel of individuals, to further the unlawful act of prostitution as well as promotion, management, and establishment of that unlawful act, all in violation of 18 U.S.C. §§

1952(a)(3) and 2. On January 4, 2006, Defendant entered a plea of not guilty on all counts. (Doc. No. 100.)

On May 16, 2006, Pennington filed two separate motions to sever his case from those brought against the other defendants in this case. In the first motion, Pennington has moved for severance on the grounds that he would be calling co-defendants as witnesses. (Doc. No. 353.) In the second, Defendant requests severance on the grounds that he would be prejudiced if he were tried with his co-defendants. (Doc. No. 354.) Defendant submitted one brief in support of the motions, but this brief addresses only the issue of prejudice raised in the second motion. The Government filed a brief in opposition to both motions on July 7, 2006.[1]

## II.  Factual Background

The superseding indictment charges that from at least February 2001 through December 8, 2005, Pennington, who also uses the street alias "Escalade," operated as a pimp in and around the Harrisburg, Pennsylvania area. (Indictment ¶¶ 1, 3, 10.102.) The indictment charges further that Pennington engaged in dealings with individuals from Harrisburg and Toledo, Ohio who were connected to an interstate prostitution ring. (Id. ¶¶ 10.1, 10.32, 10.102.) Specifically, the indictment charges that on several occasions Pennington received or sent funds related to the prostitution ring, controlled the actions of prostitutes, and on at least one occasion was himself

---

[1] The Government acknowledged that its brief was untimely under the Local Rules of this Court. The Government explained its late filing by referencing the pretrial filing dates that had previously been scheduled by the Court by Order dated May 25, 2006. Additionally, the Government notes that it had previously indicated that it would object to Pennington's anticipated motion for severance during a conference held with the Court on March 22, 2006. The Court finds the Government's late filing to be excusable given the somewhat unusual circumstances presented by this case, and finds further that Defendant is not prejudiced by consideration of the late-filed opposition.

sexually involved with an underage prostitute. (Id. ¶¶ 10.94, 10.100, 10.101, 10.102, 10.103, 10.91.) The indictment accuses Pennington of being involved in a series of telephone calls between April 13, 2005, and August 21, 2005, that connect his actions to the management and involvement in the unlawful enterprise of prostitution. (Id. ¶ 10.1.)

### III. Discussion

In this case, Pennington has not challenged the validity of his joinder with other defendants pursuant to Rule 8 of the Federal Rules of Criminal Procedure. Rather, he has moved for severance pursuant to Rule 14(a) on two separate grounds: first, that his case should be severed from that of his co-defendants because he plans to call one or more of them to testify; and second, because he will be substantially prejudiced by being tried with all named defendants.

Rule 8(b) of the Federal Rules of Criminal Procedure provides as follows:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). The Supreme Court has stated that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). This preference for joinder "promote[s] efficiency and serve[s] the interest of justice by avoiding the scandal and inequity of inconsistent verdicts." Id. at 537 (quoting Richardson v. Marsh, 481 U.S. 200, 210 (1987)); see also United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir. 1991) ("The public interest in judicial economy favors joint trials where the same evidence would be presented at separate trials of defendants charged with a single conspiracy."). When considering a motion to sever, the Third Circuit has instructed that

3

"participants in a single conspiracy should ordinarily be tried jointly as long as the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants and notwithstanding that the evidence against one codefendant is more damaging than that against another." United States v. Jackson, 649 F.2d 967, 973 (3d Cir. 1981) (internal quotation marks and citations omitted).

Notwithstanding the preference for joint trials, the Federal Rules of Criminal Procedure provide for severance in limited circumstances in order to avoid substantial prejudice to a criminal defendant. Rule 14 of the Federal Rules of Criminal Procedure provides, in relevant part: "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Where defendants have been properly joined pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure, "a District Court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or would prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. The party seeking severance bears the burden of demonstrating that a joint trial will cause clear and substantial prejudice, resulting in a manifestly unfair trial. United States v. Voigt, 89 F.3d 1050, 1094 (3d Cir. 1996). The Supreme Court has noted that although separate trials may be warranted where the risk of prejudice is substantial, in many cases "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." Zafiro, 506 U.S. at 539. See also Voigt, 89 F.3d at 1096 (noting effectiveness of limiting instruction in which court directed jury to consider each count separately); United States v. Console, 13 F.3d 641, 655-56

(3d Cir. 1993) (limiting instructions can help the jury to "compartmentalize" the evidence as it relates to each defendant).

In his motions, Pennington asserts two independent bases in support of his request to sever his trial from that of his co-defendants. First, Pennington states that he plans to call co-defendants as witnesses. Second, Pennington argues generally that he will be prejudiced if his trial is joined together with that of his co-defendants. As noted previously, Defendant filed one brief in support of these motions and in that brief he did not provide support for his motion to sever on the grounds that he intends to call co-defendants as witnesses. The Court will address separately the issues presented in each motion.

The United States Court of Appeals has set forth four factors that courts should consider when deciding whether to grant separate trials because a co-defendant will give exculpatory testimony: (1) the likelihood of co-defendants testifying; (2) the degree to which such testimony would be exculpatory; (3) the degree to which the testifying co-defendants could be impeached; and (4) judicial economy. United States v. Boscia, 573 F.2d 827, 832 (3d Cir. 1978). The Third Circuit has further held that "'bare assertions that codefendants will testify are insufficient' to warrant separate trials" and instead courts must take into consideration the factors enunciated in Boscia. United States v. Davis, 397 F.3d 173, 182 (3d Cir. 2005) (quoting Boscia, 573 F.2d at 832).

In this case, Pennington has made no factual showing at all in support of his claim that he intends to call co-defendants to testify during his trial, and he has failed to address any of the Boscia factors. Accordingly, the Court finds that Defendant's bare assertion that he will call co-defendants to testify at trial is insufficient to grant his motion for severance.

Pennington's second argument in support of severance is a general assertion that he "would be substantially prejudiced in a trial that includes sixteen Defendants . . . based on the Jury's determination and based on impractical timing of trials." (Doc. No. 371, at 3.)  It appears that Defendant is claiming that a jury is likely to make inferences regarding him based upon all of the evidence it hears over a multi-week trial against more than a dozen defendants.  Pennington contends that because the indictment names him only fifteen times in a 102-paragraph charging document comprised of 32 counts, "[a] jury is likely to make inferences regarding Mr. Pennington based on the evidence it hears which would not otherwise be admissible against Mr. Pennington, and could association [sic] the conduct of other Defendants to that of Mr. Pennington."  (Id.)  Furthermore, Defendant notes that his trial happens to be scheduled to begin separately from that of his co-defendants, and he contends that he would be prejudiced by remaining incarcerated pending the resolution of the jury trial against other defendants.

The Government counters Defendant's assertions by maintaining that the evidence in this criminal conspiracy trial "is neither scientific nor particularly complex" and although there are multiple defendants being tried for their various roles in the alleged conspiracy, "the evidence will be simple enough for any jury to compartmentalize it by defendant."  (Doc. No. 386, at 10.)

The Court does not believe that the hypothetical prejudice asserted by Pennington is clear or substantial, particularly as the Court finds that the jury can be provided with specific limiting instructions concerning the separate charges against Defendant and the remaining defendants. The Court does not find that the charges against the defendants, nor the anticipated evidence expected to be introduced to prove such charges, are so complex as to prevent a jury from compartmentalizing it by each defendant  As the Third Circuit explained in upholding a district

court's order denying a motion to sever in another conspiracy action:

> We see no reason why in a joint trial of defendants charged with conspiracy, the fact that one is additionally charged with conducting a continuing criminal enterprise would somehow interfere with the jury's ability to consider the evidence against each defendant separately. Undoubtedly, there are many criminal cases in which defendants are tried together on different counts, so that all the evidence is not germane to all the counts against each defendant. Thus, we conclude that there is no inherent prejudice or anything unique in a joint trial when one defendant is charged with conducting a continuing criminal enterprise and conspiracy, and the other simply with conspiracy.

United States v. Sandini, 888 F.2d 300, 307 (3d Cir. 1989). These considerations are equally relevant the instant case, where Pennington and other defendants are charged under a conspiracy theory and where certain co-defendants are charged with additional, separate offenses. Other than his bare assertion, Pennington has offered no substantial basis for the Court to conclude that he will be substantially prejudiced by being tried with his alleged co-conspirators. Moreover, with respect to Pennington's contention that he will be prejudiced because he and his co-defendants are currently scheduled to have their trials and jury selection commenced on separate dates, the Court will enter an order directing that Pennington's jury selection and trial will commence with the trial of all other co-defendants. Finding that Defendant has failed to meet his burden of establishing clear and substantial prejudice, the Court will deny Defendant's motion to sever.

## IV. Conclusion

For all of the foregoing reasons, the Court finds that Defendant's motions to sever must be denied. An appropriate order follows this memorandum.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Criminal No. 05-CR-443-08 |
| v. | : | |
| | : | (Judge Kane) |
| ERIC PENNINGTON, | : | |
| | : | |
| Defendant | : | |

## ORDER

**AND NOW**, this 30th day of August 2006, for the reasons set forth in the within memorandum, **IT IS HEREBY ORDERED THAT** Defendant Eric Pennington's motions to sever (Doc. Nos. 353, 354) are **DENIED**.

**IT IS FURTHER ORDERED THAT** Defendant will be tried with his co-defendants in accordance with the case management schedule set forth in this Court's Order dated May 24, 2006 as follows:

1. Pretrial motions shall be filed not later than September 5, 2006.

2. The Government shall respond to pretrial motions not later than October 6, 2006.

3. Defendant's reply briefs shall be filed not later than October 24, 2006.

4. Hearings on pretrial motions, if necessary, shall be held on November 16, 2006 and November 17, 2006, beginning at 9:30 a.m. in Courtroom #4, 8th Floor, Federal Building, Harrisburg, Pennsylvania.

5. Jury selection and trial will commence February 5, 2007 at 9:30 a.m.

S/ Yvette Kane
Yvette Kane
United States District Judge